UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TIMOTHY GREENLEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00127-JPH-MG |
| | ) | |
| FRANK VANIHEL, | ) | |
| KEVIN GILLMORE, | ) | |
| DICK BROWN, | ) | |
| JACK HENDRIX, | ) | |
| MATTHEW LEOHR, | ) | |
| ANDREA STROUP, | ) | |
| DANIEL BEDWELL, | ) | |
| JERRY SNYDER, | ) | |
| RANDALL PURCELL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR EMERGENCY ASSISTANCE**

This matter is before the Court on Plaintiff Timothy Greenlee's motion requesting emergency assistance. Dkt. 9. He asks the Court to notify authorities at the Indiana Department of Correction ("IDOC") about various events that are occurring at Miami Correctional Facility ("Miami")—where he is currently incarcerated—so that they can be investigated. Among other things, he explains that he needs protection from gangs at Miami and complains that he is unable to make outgoing calls because his tablet does not work.

Mr. Greenleee's motion, dkt. [9], is **denied**. The Court does not have the authority to initiate investigations. If Mr. Greenlee has complaints about his treatment at Miami, his recourse is to the remedies available to him through IDOC's grievance process. To the extent that Mr. Greenlee is asking the Court to

1

take some affirmative action to stop the events that are occurring at Miami, he is effectively asking for a preliminary injunction. But this lawsuit relates to the time he spent in the supermax secured housing unit at Wabash Valley Correctional Facility, *see* dkt. 1, and he is currently complaining about conditions at Miami and the actions of individuals who are not defendants.

As a result, the Court cannot grant any injunctive relief in connection with the issues described in his current motion. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."); *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief); *Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) ("An injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court") (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). Mr. Greenlee must pursue claims related to conditions at Miami by exhausting his available administrative remedies and, if necessary, filing a separate lawsuit.

**SO ORDERED.**

Date: 6/20/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TIMOTHY GREENLEE
INDIANA STATE REFORMATORY
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810