UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TIMOTHY GREENLEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00127-JPH-MG |
| | ) | |
| FRANK VANIHEL Wabash Valley Warden, | ) | |
| in their individual capacities, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Timothy Greenlee, an Indiana Department of Correction inmate, filed this civil rights action under 42 U.S.C. § 1983 based on allegations that he spent excessive time in the secure confinement unit (SCU) at Wabash Valley Correctional Facility ("WVCF") under harsh conditions without due process. Dkt. 17 at 6. Defendants Warden Frank Vanihel; Assistant Warden Kevin Gilmore; Former Warden Dick Brown; Former Operations Supervisor Jack Hendrix; Classification Supervisor Matthew Leohr; Andrea Stroup, Assistant to Mr. Leohr; Unit Team Manager Jerry Snyder; and Caseworker Randall Purcell have filed a motion for summary judgment. For the reasons explained below, that motion for summary judgment is **GRANTED**. Dkt. [64].

## I.
## Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ.

1

P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Mr. Greenlee did not respond to the summary judgment motion.[1] Accordingly, facts alleged in the motion are "admitted without controversy" so

---

[1] The day after the moving defendants filed their motion for summary judgment, dkt. 64, the Court granted Mr. Greenlee leave to amend his complaint to add additional defendants, dkt. 68. Because the "amended complaint is materially similar in all

2

long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Mr. Greenlee and draws all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572–73.

Mr. Greenlee was housed at WVCF from April 2012 to March 2023. Dkt. 65-1 at 13-14. For 116 of the 132 months that he was at WVCF, he was serving time in segregation in the SCU. *Id.* at 20-21. This was not continuous; Mr. Greenlee was housed in and out of the SCU many times over this period. *Id.* at 23-24. The "vast majority" of Mr. Greenlee's time in the SHU was for disciplinary segregation, but for about two years he was on administrative segregation. *Id.* at 20-22. Mr. Greenlee's claims in this action concern his time in disciplinary segregation. For the purposes of summary judgment,

---

respects to the original complaint as it relates to the Eighth and Fourteenth Amendment claims proceedings against [the] original defendants], *id.* at 3, it does not affect the motion for summary judgment. More than a month after the amended complaint was filed, Mr. Greenlee sought a motion for extension of time to respond to the motion for summary judgment. Dkt. 77. While that motion was granted, dkt. 79, Mr. Greenlee did not respond to the motion for summary judgment.

Defendants stipulate that his time in disciplinary segregation could have ranged from 92 to 116 months. Dkt. 66 at 2.

Inmates on disciplinary segregation in the SCU were allowed a radio in their cell. Dkt. 65-1 at 17-18. While in the SCU, Mr. Greenlee was provided with Aramark food trays for his meals. Dkt. 1 at 9. In January 2012, Greenlee weighed 167 pounds, and, in January 2023, he weighed 160 pounds. Dkt. 65-2. Inmates were not allowed to supplement their meals with food from the commissary, and the only clothing they could wear was a prison jumpsuit. Dkt. 65-1 at 17-18. There were no windows in the cells. *Id.* at 53-54. Inmates were not allowed to hang anything on their cell walls, and a light always stayed on. *Id.* at 54. Mr. Greenlee received limited or no programming while housed in the SCU. *Id.* SCU inmates did not have cellmates. *Id.* at 18-19.

Under IDOC Policy 01-03-105—The Development and Delivery of Recreational Services—"offenders in restrictive status housing or detention shall receive a minimum of one hour of exercise per day outside their cells, five days per week, unless security and safety considerations dictate otherwise. Outdoor and covered/enclosed exercise areas are to be available to offenders in restrictive status housing or detention units." Dkt. 65-3 at 10.

Mr. Greenlee is not raising a due process challenge to the conduct reports and hearings that resulted in his placement in disciplinary segregation. Dkt. 65-1 at 26. Instead, he alleges a lack of due process to review his specific placement in the SCU. *Id.*

### III.
### Discussion

Defendants argue that they are entitled to qualified immunity on Mr. Greenlee's Fourteenth and Eighth Amendment claims. Dkt. 66.

### A. Qualified Immunity Standard

"[Q]ualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna,* 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan,* 555 U.S. 223, 232 (2009)). "Whether qualified immunity applies turns on two questions: first, whether the facts presented, taken in the light most favorable to the plaintiff, describe a violation of a constitutional right; and second, whether the federal right at issue was clearly established at the time of the alleged violation." *Smith v. Finkley,* 10 F.4th 725, 737 (7th Cir. 2021) (citing *Tolan v. Cotton,* 572 U.S. 650, 655–56 (2014) (per curiam)). Once the defense is raised, the burden is on the plaintiff to defeat it. *Id.* (citing *Jewett v. Anders,* 521 F.3d 818, 823 (7th Cir. 2018)). The Court may take up either question first. *Id.* (citing *Jones v. Clark,* 630 F.3d 677, 682 (7th Cir. 2011)).

This "clearly established" standard ensures "that officials can 'reasonably . . . anticipate when their conduct may give rise to liability for damages.'" *Reichle v. Howards,* 566 U.S. 658, 664 (2012) (quoting *Anderson v. Creighton,* 483 U.S. 635, 646 (1987)). To be "clearly established," a constitutional right "must have a sufficiently clear foundation in then-existing precedent." *District*

*of Columbia v. Wesby,* 583 U.S. 48, 63 (2018). Given this emphasis on notice, clearly established law cannot be framed at a "high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). "A rule is too general if the unlawfulness of the officer's conduct 'does not follow immediately from the conclusion that [the rule] was firmly established.'" *Wesby*, 583 U.S. at 64 (quoting *Anderson*, 483 U.S. at 641).

While "a case directly on point" is not required, "precedent must have placed the . . . constitutional question beyond debate." *White v. Pauly*, 580 U.S. 73, 79 (2017) (cleaned up). Put slightly differently, a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right." *Taylor v. Barkes*, 575 U.S. 822, 825 (2015). "The Supreme Court's message is unmistakable: Frame the constitutional right in terms granular enough to provide fair notice because qualified immunity 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Campbell v. Kallas*, 936 F.3d 536, 546 (7th Cir. 2019) (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (quotation marks omitted)).

Qualified immunity thus "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officers from harassment, distraction, and liability when they perform their duties reasonably." *Pearson,* 555 U.S. at 231.

## B. Fourteenth Amendment

The Due Process Clause "applies only to deprivations of life, liberty, and property." *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). When presented

with a procedural due process challenge, the Court must engage in a two-step analysis. *Id.* It must first determine "whether the plaintiff was deprived of a protected interest; if so, [it] determine[s] what process was due under the circumstances." *Id.* "Prisoners do not have a constitutional right to remain in the general population." *Id.* Rather, a protected liberty interest "is triggered only when the confinement imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Lisle v. Welborn*, 933 F.3d 705, 721 (7th Cir. 2019) (cleaned up). When deciding whether placement in segregation imposes atypical and significant hardship, the Court "look[s] to both the duration of the segregation and the conditions endured." *Id.*

"[D]isciplinary segregation can trigger due process protections depending on the duration and conditions of segregation." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009). "[L]onger terms of disciplinary segregation may trigger a liberty interest if the conditions of disciplinary segregation were 'significantly harsher than those in the normal prison environment.'" *Carrico v. Brown*, No. 2:20-cv-00472-JPH-MG, 2023 U.S. Dist. LEXIS 36341, at *12 (S.D. Ind. Feb. 10, 2023) (quoting Marion, 559 F.3d at 698). A plaintiff must "show that the conditions of his confinement in his segregated cell deviated substantially from the ordinary conditions of prison life." *Id.* In other words, "if the disciplinary measures do not 'substantially worsen the conditions of confinement' of an inmate, then he has not been deprived of a protected liberty interest." *Id.* (quoting *Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011)).

7

Mr. Greenlee has not shown that he was deprived of due process under clearly established law, as required to overcome qualified immunity. He is not challenging the conduct reports and hearings that resulted in his placement in disciplinary segregation. Dkt. 65-1 at 26. And he has not designated any evidence that his conditions in disciplinary segregation were significantly harsher than those in the normal prison environment. While the designated evidence indicates that he lacked access to commissary items, had to wear a jumpsuit, lacked windows in his cell, and always had a light on, he has not designated evidence allowing a reasonable jury to conclude that his conditions of confinement "deviated substantially from the ordinary conditions of prison life." *Lisle*, 933 F.3d at 721.

Mr. Greenlee therefore has not met his burden to show that the right at issue was clearly established. In fact, he did not respond to Defendant's summary judgment motion and therefore does not address qualified immunity at all. *See Villalobos v. Picicco,* 168 F.4th 1057, 1062 (7th Cir. 2026) ("Importantly, the plaintiff bears the burden of proving the law is clearly established—not the defendant."). So he does not cite any binding precedent regarding due process rights related to disciplinary segregation. Meeting the burden to overcome qualified immunity "is a 'do or die' requirement for the plaintiff's suit. If a plaintiff fails to identify analogous precedent clearly establishing the law, the district court must grant summary judgment for the defendant." *Villalobos,* 168 F.4th at 1063; *accord Thomas v. Carmichael,* 164 F.4th 1058, 1067 (7th Cir. 2026).

Since Mr. Greenlee bears the burden to show why qualified immunity does not apply and he has failed to do so, Defendants are entitled to summary judgment on Mr. Greenlee's due process claim.

### C. Eighth Amendment

For many of the same reasons as the due process claim, Defendants are also entitled to qualified immunity on Mr. Greenlee's Eighth Amendment claim. Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment is violated by the conditions of confinement in a prison "when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measures of life's necessities, and (2) where prison officials are deliberately indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016).

The designated evidence indicates that Mr. Greenlee lacked access to commissary items, had to wear a jumpsuit, lacked windows in his cell, and always had a light on. Mr. Greenlee has not designated evidence, however, that he was denied "the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety" while he was in the SCU. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (recognizing that a "lack of heat, clothing, or sanitation can violate the Eighth Amendment"); *see Mays v.*

9

*Springborn*, 575 F.3d 643, 648 (7th Cir. 2009) ("Under the Eighth Amendment, a prisoner's diet must provide adequate nutrition, but prison officials cannot be held liable under the Eighth Amendment unless the prisoner shows both an objectively serious risk of harm and that the officials knew about it and could have prevented it but did not."); *Delaney v. DeTella*, 256 F.3d 679, 684–85 (7th Cir. 2001) (denial of exercise is not an Eighth Amendment violation if it is due to reasonable disciplinary or safety purposes); *Vazquez v. Frank*, 290 Fed. App'x 927, 929 (7th Cir. 2008) (unpublished) ("Extreme deprivations are required to make out a conditions-of-confinement claim, and 24-hour lighting involving a single, 9-watt fluorescent bulb does not objectively constitute an extreme deprivation under the Eighth Amendment.").

So, here too, Mr. Greenlee has not met his burden to show that the right at issue was clearly established. By not responding to Defendant's summary judgment motion, he did not address qualified immunity at all and does not cite any binding precedent relating to a conditions-of-confinement claim. *See Villalobos*, 168 F.4th at 1062 ("Importantly, the plaintiff bears the burden of proving the law is clearly established—not the defendant."). Meeting the burden to overcome qualified immunity "is a 'do or die' requirement for the plaintiff's suit. If a plaintiff fails to identify analogous precedent clearly establishing the law, the district court must grant summary judgment for the defendant." *Id.* at 1063; *accord Thomas v. Carmichael*, 164 F.4th 1058, 1067 (7th Cir. 2026).

Since Mr. Greenlee bears the burden to show why qualified immunity does not apply and has not done so, Defendants are entitled to summary judgment on Mr. Greenlee's conditions-of-confinement claim.

## IV.
## Conclusion

The Defendants' motion for summary judgment is **GRANTED**. Dkt. [64]. The **clerk is directed** to terminate Warden Frank Vanihel, Assistant Warden Kevin Gilmore, Former Warden Dick Brown, Former Operations Supervisor Jack Hendrix, Classification Supervisor Matthew Leohr, Assistant to Mr. Leohr, Andrea Stroup, Unit Team Manager Jerry Snyder, and Caseworker Randall Purcell as Defendants on the docket.

Claims still remain against the remaining Defendants: Derek Christian, Laura Steele, Randall Vanfleet, Captain Wadhuan, and Kim Hobson.

**SO ORDERED.**

Date: 3/31/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TIMOTHY GREENLEE
865760
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

All Electronically Registered Counsel

11